UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA SCIENTIFIC, LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RAININ INSTRUMENT, LLC,<br><br>　　　　Defendants.<br>_____ | No. C 06-4651 SBA<br><br>**ORDER**<br>[Docket No. 15] |

This matter comes before the Court on Defendant's Motion to Dismiss, Transfer, or Stay.

### **BACKGROUND**

Defendant Rainin is a developer and manufacturer of pipetting products. It holds two patents which are the subject of this dispute: No. 6,168,761 ('761 Patent), and No. 6,171,553 ('553 Patent), both entitled "Pipette with Improved Pipette Tip and Mounting Shaft." Evans Decl. Ex. A.

On June 8, 2006, Rainin filed a declaratory judgment action in the Eastern District of Texas, alleging that USA Scientific has infringed and is continuing to infringe the '761 and '533 Patents. On June 27, 2006, USA Scientific filed a request for an extension of time to respond to the complaint, which was granted. On July 31, 2006, USA Scientific filed a Motion to Dismiss the Texas action for improper venue. Evans Decl. at ¶ 4. The same day, USA Scientific filed the instant suit in this district, requesting declaratory judgment of non-infringement and invalidity of the patents-in-suit. Compl. at ¶ 1.

USA Scientific refused Rainin's request to stipulate to stay the instant action pending the Texas court's resolution of USA Scientific's motion to dismiss. Evans Decl. at ¶¶ 6-7.

### **LEGAL STANDARD**

Where a complaint involving the same parties and the same issues has already been filed in

another federal district, the court presiding over the later-filed suit may either transfer, stay, or dismiss that suit. This is known as the "first-to-file rule." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). The purpose of the rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Panasonic Corp. v. Patriot Scientific Corp.*, 2006 US Dist. LEXIS 15758 at *9 (N.D. Cal. 2006) (Jenkins, J.) (citing *Colorado River Conser. Dist. v. United States*, 424 U.S. 800, 818-20 (1976)). It is also intended to foster federal comity. *Pacesetter Systems*, 678 F.2d at 94. Accordingly, the rule "should not be disregarded lightly." *Panasonic Corp.* at *8.

"The first-filed action is preferred, even if it is declaratory, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'" *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quoting *Genentech Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)). Thus, whether to dismiss, transfer or stay the later-filed action is within the discretion of the district court. *Id*.

## ANALYSIS

Rainin argues that the Court should exercise its discretion to dismiss, transfer, or stay this action pursuant to the first-to-file cases cited above. It asserts that USA Scientific brought this action "with the purpose of depriving Rainin of the opportunity to litigate its claims in Rainin's chosen forum and doubling the cost of resolving this dispute." Motion at 3. Accordingly, Rainin argues that application of the first-to-file rule is appropriate in the interest of federal comity and in the interest of allowing the (original) plaintiff to chose the forum in which the issues will be litigated. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (noting that, "unless the balance [of private and public interest factors] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").

In its opposition, USA Scientific points out that Rainin's principal place of business is in the Northern District of California, that the inventors of the relevant patents are all located in this district, and that the prosecuting attorney for the patents-in-suit is located in this district. Opposition at 2. Further, USA Scientific asserts that it does not make, use, or sell the product accused of patent infringement in the Eastern District of Texas, nor does it reside or have a place of business in the Eastern

District of Texas. *Id*. However, these are disputed issues of fact: Rainin alleges in the Texas complaint that USA Scientific sells and arranges for sale the infringing products throughout Texas and in the Eastern District of Texas. Evans Decl. Ex. A. Further, the Texas complaint alleges that "a substantial part of the events or omissions giving rise to Rainin's claims occurred in [the Eastern District of Texas]." *Id*.

Rainin contends that USA Scientific is attempting to litigate the precise issue that is now before the Texas court: whether Texas or California is the appropriate forum for litigation of this patent suit. This Court agrees. Deciding this question would be a waste of judicial resources, as would allowing the instant action to go forward when it may ultimately be transferred to Texas. Moreover, were this Court to dismiss the action, and the Texas court to grant Plaintiff's Motion to Dismiss, the action would need to be re-filed, the opposing party re-served, and the action started anew. This would result in a gross waste of time and resources.

## **CONCLUSION**

The Court GRANTS Defendant's Motion to Stay this action. This action is ORDERED STAYED pending the decision by the Eastern District of Texas.

The parties are ORDERED to notify this Court immediately when the Texas court issues its decision, and to file a status report every 30 days in the interim.

IT IS SO ORDERED.

Dated: 11/15/06

SAUNDRA BROWN ARMSTRONG
United States District Judge